UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTY OF NASSAU, COUNTY OF ALLEGANY, COUNTY OF CLINTON, COUNTY OF CORTLAND, COUNTY OF FRANKLIN, COUNTY OF FULTON, COUNTY OF GREENE, COUNTY OF HERKIMER, COUNTY OF LEWIS, COUNTY OF MADISON, COUNTY OF MONTGOMERY, COUNTY OF NIAGARA, COUNTY OF OSWEGO, COUNTY OF SCHENECTADY, and COUNTY OF STEUBEN,** <br><br> Plaintiffs, <br><br> v. <br><br> **ACTAVIS HOLDCO US, INC.; ACTAVIS ELIZABETH LLC; ACTAVIS PHARMA, INC.; ALVOGEN INC.; AMNEAL PHARMACEUTICALS, INC.; AMNEAL PHARMACEUTICALS, LLC; APOTEX CORP.; AUROBINDO PHARMA USA, INC.; BAUSCH HEALTH AMERICAS, INC.; BAUSCH HEALTH US INC.; BARR PHARMACEUTICALS, LLC; BRECKENRIDGE PHARMACEUTICAL, INC.;** | Case No. 2:20-cv-00065 <br><br><br> **JURY TRIAL DEMANDED** |

1

**CAMBER PHARMACEUTICALS, INC.;**
**CARACO PHARMACEUTICAL LABORATORIES LTD.;**
**CITRON PHARMA LLC;**
**DAVA PHARMACEUTICALS, LLC;**
**DR. REDDY'S LABORATORIES, INC.;**
**ENDO INTERNATIONAL PLC;**
**FOUGERA PHARMACEUTICALS INC.;**
**G & W LABORATORIES;**
**GENERICS BIDCO I, LLC;**
**GLENMARK PHARMACEUTICALS, INC.;**
**GREENSTONE LLC;**
**HERITAGE PHARMACEUTICALS, INC.;**
**HIKMA LABS, INC.,**
**HIKMA PHARMACEUTICALS, USA, INC.,**
**IMPAX LABORATORIES, INC.;**
**JUBILANT CADISTA PHARMCETUICALS, INC.;**
**LANNETT COMPANY, INC.;**
**LUPIN PHARMACEUTICALS, INC.;**
**MAYNE PHARMA USA INC.;**
**MORTON GROVE PHARMACEUTICALS, INC.,**
**MUTUAL PHARMACEUTICAL CO., INC.;**
**MYLAN INC.;**
**MYLAN PHARMACEUTICALS, INC.;**
**MYLAN N.V.;**
**OCEANSIDE PHARMACEUTICALS, INC.;**

|  |
|---|
| **PAR PHARMACEUTICAL, INC.;** |
| **PERRIGO NEW YORK, INC.;** |
| **PFIZER, INC.;** |
| **SANDOZ, INC.;** |
| **SUN PHARMACEUTICAL INDUSTRIES, INC.;** |
| **TARO PHARMACEUTICALS USA, INC.;** |
| **TELIGENT INC.,** |
| **TEVA PHARMACEUTICALS USA, INC.;** |
| **TORRENT PHARMA INC.,** |
| **UDL LABORATORIES, INC.,** |
| **UPSHER-SMITH LABORATORIES, LLC;** |
| **URL PHARMA, INC.;** |
| **VALEANT PHARMACEUTICALS NORTH AMERICA, LLC;** |
| **VALEANT PHARMACEUTICALS INTERNATIONAL, INC.;** |
| **VERSAPHARM, INC;** |
| **WEST-WARD COLUMBUS, INC.,** |
| **WEST-WARD PHARMACEUTICALS CORP.;** |
| **WOCKHARDT USA LLC; and** |
| **ZYDUS PHARMACEUTICALS (USA), INC.,** |
| Defendants. |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND**

Plaintiffs filed their original Complaint in Nassau County Supreme Court, in the State of New York, on November 13, 2019. (Index No. 616029/2019, Dkt. 1) At Defendants' request, it was removed to federal court, where Plaintiffs filed an Amended Complaint on December 20, 2019. (2:19-cv-07071-LDH-SJB, Dkt. 5) It was subsequently transferred to this Court for pre-trial proceedings (2:20-cv-00065), and Plaintiffs now seek leave to amend their Complaint. Both the Federal Rules of Civil Procedure and basic considerations of fairness and justice support this request.

Rule 15 mandates that leave to amend should be "freely given." That is particularly so here, where no scheduling order has been entered in this particular case. Thus, Plaintiffs Respectfully submit that the Court's Orders provide for the application of Rule 15 to their Proposed Second Amended Complaint ("PSAC"), attached to this motion at Ex. A.

In contrast, final deadlines to amend pleadings are typically found in Scheduling Orders that meet the requirements of Rule 16(b)(3)(A), by expressly mandating times to, for example, "join other parties, amend the pleadings, complete discovery, and file motions." PTO 61 did not do any of this, instead merely outlined a briefing schedule for Rule 12 motions, *see* Pretrial Order No. 61, 16-MD-2724, Dkt. 775. Of course, neither that Order nor its contemplated motions were directed to Plaintiffs' Complaint or Amended Complaint, which had yet to be filed at that time.

4

And the Court's subsequent Pretrial Order expressly contemplated that subsequent Plaintiffs could file amended pleadings.  *See* Pretrial Order No. 105, 16-MD-2724, Dkt. 1135 ("PTO 105"), ¶ 1 ("With respect to any **new complaint or amended complaint** filed after September 1, 2019, responsive pleadings and/or motions shall be filed as normally required or agreed.") (emphasis added).[1]

Plaintiffs' position is also consistent with the Court's comments during status conferences, indicating a willingness to consider amendments to pleadings.  It would significantly impair Plaintiffs' due-process rights for the deadline to add such allegations to have passed in December, **2018** – almost a year before Plaintiffs filed their case in New York state court.

Further, Plaintiff's PSAC does not alter the core allegations in their Amended Complaint currently on file in this case, or in the MDL generally – *viz.*, that Defendants rigged bids, allocated markets, and fixed prices of generic drugs by following their cartel's "fair share" rules.

Plaintiffs' currently-filed Amended Complaint puts Defendants on notice of the broad and significant allegations against them, including "an unlawful agreement among Defendants to allocate customers, rig bids, and fix, raise,

---

[1] *See also, e.g., In re: L'Oreal Wrinkle Cream Mktg. Practices Litig.,* MDL No. 2415, 2015 WL 5770202, at *3 (D.N.J. Sept. 30, 2015) ("The bottom line is the deadline for amended pleadings contained in the original scheduling order is – and has been – inoperative for quite some time, much like the rest of the scheduling order.  It would be illogical to hold Plaintiffs to an amendment deadline date in a scheduling order that long ago went stale."

maintain, and/or stabilize the prices of **all** of their generic pharmaceuticals." Amended Complaint at 7, ¶¶ 2-3 (Dkt. 5, emphasis added). Further, the Amended Complaint, currently on file, also already alleges an ongoing conspiracy through at least the time of filing, late last year.[2]

In addition, to whatever extent this filing may extend the alleged time of Defendants conspiracy or otherwise add to the MDL (which, in light of the broad allegations already on file, it does not do), the allegations in PSAC are mirrored in the Complaint concurrently being filed by the County of Albany, *et al.*, in the Supreme Court of Suffolk County, NY, where many acts in furtherance of Defendants' conspiracy occurred, and which alleges ongoing activity through the present day. (*passim*) Accordingly, Defendants will have to respond to all of the allegations in the PSAC, even if the Court were to deny this motion.

Further, the instant amendment helps promote efficiency in this MDL. Plaintiffs' counsel have expended great effort in harmonizing the disparate allegations

---

[2] Amended Complaint of the County of Nassau, alleging "the ongoing nature of Defendants' overarching conspiracy . . . Plaintiffs continue to incur new damages every day that they purchase generic pharmaceuticals made or sold by Defendants, including . . . through and beyond the filing of this Complaint." Dkt. 5 at 325, ¶ 1346.

The Complaint of Suffolk County in this MDL (represented by different counsel from the undersigned) extends allegations of that ongoing conspiracy through at least August 28, 2020: under the heading, "Defendants' Violations Continue to the Present Date," the Suffolk Complaint alleges "the ongoing nature of the Price-Fixing Conspiracy, which continues to the present date." 2:20-cv-04893 Dkt. 1 at 225, ¶ 1052.

in this case (with the exception of IRP's claims against wholesalers and distributors) into a coherent whole, spanning over 1,000 pages and providing a comprehensive set of allegations, including with respect to drugs that plaintiffs in other cases in the MDL have identified but not elected to pursue damages on, such as Bupropion HCL[3] and Cephaclor ER Tabs. *Compare* Ex. A at 642-53 *with*, *e.g.*, the States' May, 2019, Complaint, 2:19-cv-2407, Dkt. 3 at 169, ¶ 601 (Cephaclor ER Tabs) and 290, ¶ 989 (Bupropion HCL).

Finally, and perhaps most importantly, for the same reason – because no Answer or dispositive motion has yet been filed against the currently-pending Amended Complaint, and because these same allegations will likely enter the MDL *via* the concurrently-filed Complaint of Albany County, *et al.* – Defendants cannot be prejudiced by granting Plaintiffs' request.

Accordingly, for the reasons stated, Plaintiffs respectfully submit that the Court should grant the Plaintiffs' motion for leave to amend.

Dated:  December 15, 2020              Respectfully submitted,

                                                          NAPOLI SHKOLNIK PLLC

                                                          */s/ Salvatore C. Badala*
                                                          Salvatore C. Badala (SB2053)
                                                          Alastair J.M. Findeis
                                                          360 Lexington Ave., 11th Floor
                                                          New York, NY, 10017
                                                          Tel: (212) 397-1000

---

[3] The generic equivalent to Wellbutrin.

Fax: (646) 843-7603
sbadala@napolilaw.com
afindeis@napolilaw.com

/s/ W. Steven Berman
W. Steven Berman (Pa. Bar 45927)
One Greentree Center, Suite 201
10,000 Lincoln Drive, East
Marlton, NJ 08053
Tel: (856) 988-5574
Fax:  (646) 843-7603
wsberman@napolilaw.com

*Attorneys for the Plaintiff Counties*